Call our first case. In re Klein. 25-1002 Eric J. Olson appearing for appellant Luke John Lucas appearing for Apolli. Okay, good morning, Mr. Olson, would you like to reserve some time for rebuttal? Yes, I'd like to reserve five minutes five minutes. Okay, please go ahead. Yes. The. It appears in the briefs that both I and the trustee agree with the proposition that in a quiet title action under California law is recognized in the bankruptcy. A part a party claiming an interest who is not named in the In the quiet title action is not bound by the judgment. I called out in my brief at page 10 that at the end of the argument. The bankruptcy court I asked the bankruptcy judge to Acknowledge that the five people, the five beneficiaries of the trust who are not named as parties were not bound by the results of this judgment. I am frankly confused as to what that might mean. Why don't you, I think the trustee may not see this quite the way you do. So maybe what you want to do is reserve this issue for your rebuttal. I think you're going to hear a different version of this in the trustee. I read that transcript as well. And I don't think I quite came to the same conclusion you did either. But this might be more effectively dealt with in your rebuttal. I will do that. I think the other primary item that is called out Is that the judge below characterized the trust as a self-settled trust. Whereas on the face of it, both the credit trust and the marital abduction trust are to be fully funded by the interest of Erika, the late wife. The idea of the self- Why don't you stop there? Why don't you tell us why the judge said that and why you think that was a mistake, because that was not at all clear for me to read. Well, I think it's a mistake because the trust explicitly says that the marital abduction trust Who's the trustee of every one of those trusts? The trust That'd be Leslie Klein, wouldn't it? Yeah. Okay. Who's the beneficiary of every one of those trusts? Okay. Following the death of Erika Klein, her husband Leslie is the trustee of those. I agree with you about that. Who's the beneficiary? The beneficiary of the marital abduction and credit trust, as far as it relates to the house. He is given the right to live in the house for the remainder of his life. That's not the question. That's a different question. Okay. Who is the beneficiary of the trust? It's Leslie Klein, right? And who has the power to control the trust? Leslie Klein, right? That's what Judge Klein seemed to be relying on. You got to tell us why that was a mistake. Well, as we read it, Mr. Klein has a very limited interest, a life interest in the house, which is what we are talking about here. Okay. So that's what you think the mistake was? Then it passes on to the four children who were not named. Okay. Under the terms of the trust, couldn't Leslie Klein sell the house and spend the money on himself during his lifetime? I think that's the subject of argument and tribal issue, actually, as we called out. That's where we need your help. What is the disputed issue of material fact about that? Mr. Klein's declaration indicates that his understanding of his rights and obligations as to the house is that he has the limited right to live in the house. And on his passing, the house goes to the children of him and Erica. But the thing is, that's just not what the trust agreement says. I mean, the trust agreement says that during their lifetimes, the clients, Mr. Klein and Erica could use the property of the trust to maintain at a minimum their accustomed manner of living. And they had the power to sell abandoned property, et cetera. I just don't see how Mr. Klein's testimony declaration contradicting the pretty plain language of the trust agreement is even admissible. The idea that it was not admissible is never raised in any place that I can recall. The trust, insofar as Erica's share of the community property, of all community property, becomes irrevocable on her passing. Well, again, what I think Judge Klein related, and you're free to tell us why it's wrong, is that Mr. Klein was the trustee, Mr. Klein was the beneficiary, Mr. Klein basically had unlimited power to dispose of assets of the trust. And the children were gonna benefit from this when he passed, but not before. So I think she based her initial conclusion on that. If you think his subjective belief about something would overcome that, you gotta tell us why. The, well, there's one added thing. The credit trust holds it on her passing. The credit trust and Leslie are co-beneficiaries. I call this list out at the pages 12, 12 to 13 and 17. And in that sense, I read it that the interest of the children comes through the- Among other arguments, Judge Klein was concerned that there was a proper estoppel here because of other statements about who owned the property. So do you have a, you wanna tell us why that was wrong? The, well, I think, I think we're talking about two things. Well, what about the fact that he claimed a homestead in the property? If he didn't own the property, how could he claim a homestead? The, frankly, I don't know. I was not his counsel at that time and didn't have anything to do with- I mean, that's what Judge Klein seemed to be concerned about, that he had taken a position that benefited him, which was fine, and he's probably entitled to it. But then the position changed and that sets up an estoppel. But the fact that he may have said something, whether correctly or incorrectly, could not be attributed to all the other people that have interests in the property, particularly if they are not joined to make those arguments. The, I find, I don't have a big background in bankruptcy, but people who are not the debtor seem to have the debtor's words put into their mouths. And I think that's what's happened to a great extent in this case. And I don't know why this tendency appears, but it does appear. The point of the quiet title action is that at the party who, at the instance of the party who wants to raise it, in this case, the trustee, they can name everybody, in this case, look at the trust and see every name that shows up as a party. And then if you want to bind them, you can bind them. But to say that somebody who was never named as a party. But the children that aren't named as a party, okay. How is it different when you look at the language of the trust that says, Mr. Klein could sell the property for his own purposes? How is that any different just than a regular fee simple ownership where children hope there's going to be something left for them, but their father can sell the property? Here under the trust, the trust language says that he could do what he wanted with the property in essence, didn't it? Well, you have the conflicting language that states that on the passing of Erika, the credit trust becomes a co-beneficiary. And I don't think that that means that he, particularly what he states, what he is understanding of his rights and responsibilities for what was free to or anybody ever imagined that he was going to sell the house. I'll just break in and point out, you have a little less than three minutes left. You want to reserve the rest of your time? Uh, yes. Okay, great. Thank you. Okay, Mr. Lucas, please go ahead. Thank you, John Lucas, Patrulski, Stangziel, and Jones. I represent Bradley Sharp, who's the appellee in the court-appointed Chapter 11 trustee of Leslie Klein's Chapter 11 case. Our answering brief is broken up into the factual record section, a summary, and a brief that addressed each of the seven issues raised by the appellants in the opening brief. One thing I think it's important to point out at the outset is that the appellants' attempt to dispute issues were based on nothing more than mere denials and not upon any admitted or probative evidence. Disputes over irrelevant or unnecessary facts should not preclude summary judgment. And below, the burden shifted to the appellants to supply specific facts showing that there's a genuine issue for trial, and none of that was done. And so as a result, the appellants can assert some mere existence of some alleged factual dispute as Mr. Olson's trying to argue here, and they can't sort of rest on mere allegations or denials. For there's something to be genuine, there must be real evidence that a reasonable jury could reach a verdict in favor of the non-moving party. What about the declaration that Mr. Olson referred to about Mr. Klein's intentions or interpretation, whatever you call it, concerning the trust and his powers? It contradicts the expressed clear words of the trust itself. They're self-serving. They're a sham in our opinion. We don't accord any weight to them, and nor did the bankruptcy judge. Had there been something associated with the trust that clarified what he believed his role was, as opposed to his declaration of litigation, we might be somewhere else, right? Is that fair? Yes, that is fair. But your point is that it's not really associated with the trust one way or the other. It's his explanation now, which is a little bit different, right? Correct, and it flies in the face of the clear words and the unambiguous words of the trust itself, which is unchanged since 1990. As for the quiet title claims, and this is what was set out at the outset of the argument by the appellate, the trustees sued Leslie Klein, the debtor, the second amended Klein Living Trust, the Merrill Deduction Trust, the Survivors Trust, and Barbara Klein, the debtor's current spouse. The quiet title claim is intended to bind all the appellants. The appellee understands that the order does not bind parties that are not named in the complaint, and the count for quiet title doesn't fail because there might be some other party out in the world that claims an interest in the disputed properly. It simply doesn't bind that party, but it does bind the parties so named. And so that's the first primary issue. The second- Can I break that in pieces? If Judge Klein made a ruling about a fact, as opposed to a conclusion of law, would that bind somebody coming along later or not? Do you mean, would it bind somebody who's not named in the complaint? Yes. I'm not looking, I'm going to say no. Okay, that's simple, thank you. Yeah, I'm gonna say no. I'm only looking to bind parties in the complaint. Got it. There's another law that allows me to do it, but that's not my argument here, and I don't think it's what I need. Got it. Okay. I guess-  All right, well, what would happen if one of the children, one of the offspring, one of the named beneficiaries were to file a lawsuit against the trustee or somebody saying, hey, that property is partly mine? I think I said something to that effect in our answering brief, where I said, if one of the children, he or she, believes that they have an interest in the home, then they should file an adversary proceeding seeking a declaratory judgment to prove up that interest. Right now, when- But the court's decision in this case, the one that we have before us, wouldn't be binding in that subsequent adversary proceeding? We might get to a quick answer in the adversary proceeding, but I'm not here to argue that Judge Klein's judgment below binds the children as to the June Street home being property of the estate. It is property of the estate right now. And- Are there law of the case implications to this, if not exactly, you know, finding preclusion or issue preclusion? Your Honor, there might be law of the case preclusions, but again, I'm not asking for the relief and I'm not asking for this court to interpret to be any broader than the defendants in the complaint. I'm just trying to be careful and I'm not trying to overreach. And so, importantly, and this wasn't raised in oral argument from the appellate side, you know, the trustee named those parties in the complaint and we're told that the trustee can't sue the trust but must sue the trustees. However, the trustees of each of the trust executed the extension stipulation which provided them extra time to answer to the complaint. They signed it as trustee. They appeared in the case as trustee. And importantly, none of the trust ever made a direct negative averment as we put forth in our paper that they have no capacity to be sued. And as a result, under the case file that cited in our brief, they're without that right. They have waived that right because it has never been raised below and it was only first raised in this opinion. Well, and maybe even more fundamentally to the extent that we read the appellate saying basically this is a jurisdictional flaw. Would you take the position that whatever else it is, it's not a jurisdiction? It's not as if the court had no power to proceed with the matter under orders, right? Oh, no, I don't believe it's a jurisdictional flaw. I was curious for your response. Okay. It's a defense. Right. It's a defense and the defense has been waived. Okay. To the extent that even applies. I mean, the trustee was signing the execution stipulation. As trustee of those various trust, it's hard to understand how they didn't appear. Um, so as to the self settled issue at the outset of the bankruptcy case, the debtor schedules reflected that the property was half owned by the estate and half owned by his late wife. But in response to our complaint, the appellants alleged that the entire property was owned by the debtor's late wife's marital deduction trust, but no documentation was ever supplied. But importantly, the real property deeds reflect that the property is owned by this segmented client. The California evidence code provides that the owner of legal title to property is presumed to be the owner of the full beneficial title. The presumption may only be rebutted by clear and convincing evidence. No such evidence was ever supplied before the bankruptcy court. Thus, the June straight deed reflects that the property is owned by the second amended client living trust. But going beyond that, as to the self settled issue, any spend for provision in the trust, we believe is illegal, not enforceable. As as the as the panel before me was recognizing earlier, the trust was formed by the debtor and his former spouse. They were co trustees until the former spouse death, and then the debtor was assumed the role of trustee. And then he is the sole income in principle beneficiary under all the trust, including the marital deduction trust, which purports to own the property. And he has unfettered destruction discretion to self deal. That's one provision in the trust, but not just a self deal, but to use and dispose of all the assets. He could have burned the house down. He could have given it away. I'm sorry. He could have given it away. Could have given it away. He could give it to his children. And so on this point, in response to the panel's questions earlier about, you know, the kids being beneficiaries of the credit trust. Well, that's all well and fine. But when Mr. Klein passes, there could very well be nothing in the credit trust. That's because Mr. Klein could have used and absorbed all the assets in the credit trust. And that assumes that there's even anything put into the credit trust. It's the trustees. That is, it's the appellee's view, not to mix up too many trustees. It's the appellee's view that there's nothing in the other trust. Nothing was ever put in the other trust. And that the only thing is the second amended claim. Well, and that was certainly a basis for Judge Klein's ruling, correct? I believe so. Yes. And so in the end, a debtor can't insulate assets by putting them in the trust, only for him to have full access and enjoyment, while at the same time insulating them from his unpaid loans. And so even if the property was owned by the Merrill Deduction Trust, it's self-settled, and would nevertheless be the estate. This is down to the fourth argument. The appellants rely on the estate effect set, and I believe it's misplaced. That case stands for the proposition that a properly executed and valid declaration of trust may convey a real property into a trust when the settler of the property is also the trustee, but also that the trust expressly provides that it holds a legal title for another. There's no evidence in the trust on record of appeal or anywhere for that matter, that the second amended claim living trust somehow conveyed the property to the Merrill Deduction Trust upon the passing of Erica Klein, nor is there any doc, any information in any of the trust that reflect that they're holding the property for another. And plus, there's no granting language. There's nothing that you would ordinarily see upon the transfer of property. The trust do not contain any self-effectuating language transferring the property. This is the fifth argument. The trust, the second amended claim living trust is in the same form that it was, it is in today that it was in 1990. And while the primary trust and the sub-trust permit transfer of property for the avoiding or minimizing of federal income taxes, there is no evidence that the property was ever transferred, which is supported by the fact for that the deed is in the name that it is today. And so there are permissive provisions that allow the trustee to do this, but there is no evidence that any of the property and there's any documentation moving the property. Plus, this goes to the estoppel point, the debtor's schedules and statements filed at the outside of the case reflect that he hadn't transferred the property in the 10 years before the bankruptcy case. They allege that the property was that was perhaps transferred in April of 2013 when the document was recorded four months after the death of the former Mrs. Klein. And under that question in the SOFA, he represented that there had been no transfer. I'm in addition to taking the homestead, which was another point that Judge Klein below also relied on. Let me play out a little bit there because one of the responses from Mr. Olson was, well, that's fine for the debtor, but there are other people involved here. If you really, if you could only stop the debtor, I guess one question would be, well, who other than the debtor would be speaking for the Marital Settlement Trust now at this point, right? And who other than the debtor now would be speaking for the Credit Trust? There is nobody else because the debtor... That's my question. There is nobody else because the debtor wears all hats. That's my question. Yes, yes.  Yeah. Mr. Olson will probably tell us that the children might have been able to say something, but you would say that at the moment there, they really have no rights to speak for the credit. At best, the children with, solely with respect to the Credit Trust...  ...are contingent beneficiaries. Understood. Yeah. And for all we know, tomorrow the trust could, you know, the trust itself could be changed and no longer be a beneficiary. Is this really any different than if there wasn't a trust? If somebody just had the ownership interest and there's children that hope that there'll be something left, that their father won't dispose of it all in his lifetime so that they will inherit something. Here, all the children had was a hope, right? They hoped that their father wouldn't dispose of, use up the value of the house in his lifetime. I agree 100%. There's no difference. There's just some documentation that gives somebody some hope that's memorialized as opposed to just something being out there. And I hope that I inherit that someday. I agree, Your Honor. So moving on, and this was raised in the oral argument, this goes to the life estate of the debtor's current wife or spouse, Barbara. I'm using Barbara. There's so many Klein's here. Even the bankruptcy judge down below was Klein. And so I'm trying to use first names. There was a premarital agreement that provided Barbara with a life estate in the property, but it was never recorded. No documents ever showed it was recorded. And as a result, there's a junior interest that can be avoided by the trustee for arguments set forth under 544A3, the bankruptcy code. There's no constructive notice. The only constructive notice that was out there was the deed itself. And it doesn't reflect that Barbara had any interest in the home. And the fact that she lived there isn't sufficient to put the trustee on constructive notice that she might have some sort of legal title or interest in the home. Well, I mean, it doesn't indicate any sort of adverse interest to the title owner, right? No, no, no. And so in the last argument is the estoppel argument, which I've sort of been had sort of off and on here through there. You know, we believe that the debtor is stopped from arguing otherwise from the contrary positions that he took at the outset of the case. On the one hand, you know, he says that there was that the property was never transferred. At one point, he says that it's 50% owned by him, 50% owned by the Merrill Deduction Trust. And then he says it's owned all by the Merrill Deduction Trust. You know, the debtor does not have a good track record. And in part, that's why there's a Chapter 11 trustee in this case, because he was unable to administer his case in the way in which he was required to enter the bankruptcy code. I see that my time is closing to an end. And I'm happy to answer any questions that the panel may have. Okay, any questions? Thank you, Judge Farris. No, not for me. Okay. All right. Thank you very much, Mr. Lucas. Thank you very much. We'll go back to Mr. Olson. You've got a little over two and a half minutes. So please go ahead. Thank you, Your Honor. Okay, first of all, I'm glad that we clarified the issue that I started out with, which is to say, is this decision somehow intended to be binding on the unnamed beneficiaries of the Second Amendment Trust? And counsel, I think, has clearly said, no, they are not making that contention. Well, in a second here, there's no order from Judge Klein saying that the children have no interest in this property. There's no order like that. We don't see that. But that doesn't mean that if the children say we have an interest, that that's not going to be blown out of the water in some future place. That's just not before us today. The same arguments go. They could make a lawsuit, but that doesn't mean that the trustee is not acquiescing to the fact that they have a claim. Well, in the words of the Code Commissioner, the children and the credit trust are not bound by the judgment that they were not named in the action. Okay. But to Judge Corbett's point, you may find yourself facing a motion to dismiss for lack of standard. You'll see, right? I don't see how... If they were to bring... I'm not telling you what the answer is. I'm telling you nothing prevents the trustee from alleging they have no standing, right? I suppose the trustee can allege what he wishes to. And if he does, if I were involved, I would respond appropriately at the time. But I think it is resolved that Judge Klein's order does not purport to state that it is binding on...  But just to be clear, the order doesn't say that the children have a right. Yeah, I think maybe we're saying things around various ways. I just wanted to do one other thing that you mentioned. Under California law, under the famous Eggstead case, and used every day in every probate department, the naming a declaration of trust by the trustors, which names as property in the trust a minor or property. In this case, the house is sufficient to transfer the title to the trust. You don't need to have... Okay, I'm going to stop you because I've let you go almost a minute over time. But thank you very much for your argument. And thank you, Mr. Lucas, also, the matter is submitted and we'll get you a written decision as soon as we can. Thank you. Thank you. Thank you very much for your time today. Thank you. Thank you.
judges: Faris, Lafferty, and Corbit